[S. F. No. 494.   Department One.—October 6, 1896.]

## E. G. BUSWELL, Appellant, *v.* SOUTHERN PACIFIC COMPANY, Respondent.

Railroads — Grant of Use of Streets — Competition with Street Railroads — Riding without Compensation — Statutory Construction.— The act of May 20, 1861, giving the power to any county, city, or town, to grant to any railroad company the use of its streets or highways, and providing that such railroad company shall not "use their road for street railroad purposes, or for the purpose of carrying passengers for a consideration from one point to another in the same city," was intended to prevent competition between railroad companies covered by the act, and local street railways within cities, and was not enacted for the purpose of extending to the public at large a right to travel free upon such railroad within the city boundaries.

Appeal from a judgment of the Superior Court of Alameda County.   John Ellsworth, Judge.

The facts are stated in the opinion of the court.

*Thomas V. Cator,* and *C. M. Jennings,* for Appellant.

*J. C. Martin, A. A. Moore,* and *Foshay Walker,* for Respondent.

Garoutte, J. —This is an action by plaintiff to compel defendant, by perpetual and mandatory injunction, to grant to all persons in the city of Oakland the right to ride upon defendant's trains on Seventh street within said city without compensation.

Upon the twentieth day of May, 1861, the legislature of the state of California passed an act giving the power to any county, city, or town to grant to any railroad company now organized, or that might be hereafter organized under the laws of this state, the use of its streets or highways which were necessary to enable it to reach an accessible point for a depot in such county, city, or town, or to pass through the same on as direct a route as possible.   By such act it was further provided: "Nor shall any railroad company who may avail themselves of the provisions of this section ever use their road for

street railroad purposes, or for the purpose of carrying passengers for a consideration from one point to another in the same city." Defendant secured from the city of Oakland the use of Seventh street for its road under this act. And the question now presents itself: What is the true construction of the foregoing provision of that act? It being contended upon the part of appellant that by this provision the defendant company is bound to allow all persons to ride free upon its road between any and all points in the aforesaid city.

The defendant is forbidden to use its road "for street railroad purposes, or for the purpose of carrying passengers for a consideration from one point to another" in the city of Oakland. We are satisfied this provision was inserted in the act for the purpose of preventing competition between railroad companies covered by the act, and local street railways within cities; and was not enacted for the purpose of extending to the public at large the right to travel free upon such railroad within the city boundaries. To forbid the defendant company from carrying passengers from one point to another in the city of Oakland for a consideration is not the equivalent of a declaration that the company must carry all passengers between those points without consideration. It would be a very exceptional case which would invoke a rule of construction that the forbidding of the doing of one thing included a command to do another thing. If it had been intended to impose upon this defendant and others similarly situated the burden of carrying within the city limits all people without charge, the legislature should have, and would have, used more apt language to express such intention. If it had been intended to give the public the right and privilege of riding free upon the railroads referred to in the act, it was an easy matter to have said so, and language in some degree apt for the purpose would have been used, but here there is no such language. If such was the purpose of the legislature, if the right of the public to ride free was the consideration which actuated the city

in granting the use of its street to the defendant, why was anything said in the provision about street railroads? For upon such construction they are totally foreign to the question with which the legislative mind was dealing. If the provision we have quoted was inserted in the act for the benefit of street railroads by preventing competition—as we think is apparent—a construction of the provision giving all the people the right to travel free would be directly antagonistic to the legislative intention, and accomplish the very object the legislature was trying to prevent by the enactment. Again: It is insisted that defendant is a common carrier, and as such is bound to carry all passengers who present themselves; but this can only be so when the carrier is entitled to charge a reasonable compensation for the carriage. We are clear that the intention of the lawmaking power in the enactment of this statute was not such as is contended for by appellant. We find nothing further in the record demanding our consideration.

For the foregoing reasons the judgment is affirmed.

VAN FLEET, J., and HARRISON, J., concurred.

Hearing in Bank denied.